## SIDNEY EDER
### vs.
## LIQUOR CONTROL COMMISSION

| Superior Court | Fairfield County | File #46932 |
|---|---|---|

Present: Hon. JOHN RUFUS BOOTH, Judge.

Arthur Klein,
Jackson Palmer,       Attorneys for the Plaintiff.

Attorney General,       Attorney for the Defendant.

## MEMORANDUM FILED MAY 6, 1935.

BOOTH (JOHN RUFUS), J. This is an appeal from the action of the Liquor Control Commission in denying a wholesaler's permit to the appellant. Due reference was made to the Hon. Isaac Wolfe, State Referee, whose report established the facts set forth therein, among which was the reason for such refusal by the Liquor Control Commission. This reason was that one Meyer Cohen, the holder of a package store permit, was a stockholder in a corporation signing as backer on the application of the appellant. It was further found that the appellant is a suitable person, that the place is suitable for the wholesale liquor business, and the permit should issue if the reason for its denial is not sufficient in law.

To this report a remonstrance was filed containing three sections. The first claims insufficiency in the report for failure to find that Meyer Cohen was in fact the backer of the appellant, it being claimed that the Liquor Control Commission so considered him. This is precisely the question stated in another way by the Referee. The same question is presented in another way in the second section of the remonstrance. The third section recites that the Liquor Control Commission did in fact find that Meyer Cohen and Cohen Brothers of Greenwich, Inc., were one and the same. All these matters are sufficiently presented by the question of law embodied in the Referee's report and a resubmission of the matter to him could aid in no way the position of the respondents.

Taking up, therefore, the main question presented by the report, the pertinent provision of the Statute (**Cumulative Supplement, Section 703-B**) while containing other provisions limiting the activities of stockholders in certain corporations in certain definite particulars, is silent concerning a situation such as this. Had the Legislature intended to prohibit the backing of a permitee by a corporation, a stockholder of which had a permit, it could easily have done so, and its solicitude to limit in other ways as above mentioned the activities of stockholders and their corporations indicates strongly the absence of an intention to prohibit a transaction of this kind.

It is therefore held that the reason of the Liquor Control Commission in denying the appellant's permit has no legal support, and in view of the other facts established by the

report renders its action arbitrary to an extent justifying its revision by the Superior Court.

For the foregoing reasons the remonstrance to the report of the Committee is overruled, the report of the Committee accepted, the appeal sustained and the Liquor Control Commission is hereby ordered to issue the permit applied for.